Lori V. Berke (#015628)
Anelisa Benavides (#036446)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
anelisa@berkelawfirm.com

*Attorneys for Defendants City of Phoenix and
Darrell Magee*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jamaar Williams,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>Defendants. | Case No. 2:20-CV-01367-PHX-SMB<br><br>**DEFENDANTS' MOTION FOR ORDER REGARDING PLAINTIFF'S WITNESS LIST AND TRIAL SCHEDULING**<br><br>**[EXPEDITED RULING REQUESTED]** |

Defendants City of Phoenix and City of Phoenix police officer Darrell Magee (collectively "Defendants"), through undersigned counsel, respectfully moves this Court for an order that: (1) Plaintiff must present his trial witnesses in the order in which they were listed in the 48-hour notifications provided to undersigned counsel; (2) any witness who does not appear when it is his or her turn to testify during Plaintiff's case-in-chief as a result of Plaintiff's failure to properly subpoena the witness is stricken; and (3) Defendants' case-in-chief shall begin at the start of the day on Wednesday, April 8, 2026. This relief is necessary for the reasons stated herein.

**I.    Introduction.**

On the eve of trial, Plaintiff is attempting to compel the attendance of numerous witnesses, including eleven current and former City of Phoenix police officers and

employees, through procedurally defective Subpoenas that were issued one week or less prior to the start of trial, were never served on any of the City of Phoenix employees (and possibly other individuals) Plaintiff is wanting to call as witnesses at trial, and even though Plaintiff did not tender the requisite witness fees.  Rather than comply with Federal Rule of Civil Procedure 45, which states that: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law," and with the parties' Joint Pretrial Statement, which states that "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party" (Doc. 254 at 13), Plaintiff has taken the position that emailing Subpoenas to defense counsel constitutes proper service.  In addition, Plaintiff's out-of-state counsel has employed abhorrent tactics, including refusing to disclose to undersigned counsel which witnesses have been served with subpoenas and abruptly reducing Plaintiff's case-in-chief on the night before trial from 4-5 days (as Plaintiffs represented in the Joint Pretrial Statement) to less than 2 days, while simultaneously demanding that Defendants disclose their witnesses immediately in purported compliance with the parties' agreement to provide 48-hours' notice prior to calling witnesses.

As such, Defendants seek an Order imposing necessary structure on Plaintiff's presentation of evidence to prevent further prejudice and disruption of the trial proceedings due to Plaintiff's failure to comply with Fed. R. Civ. P. 45 and the Court's Final Pretrial Order.  Specifically, Defendants request that the Court require Plaintiff to present his trial witnesses in the order in which they were listed in the 48-hour notifications provided to undersigned counsel; order that any witness who does not appear when it is his or her turn to testify during Plaintiff's case-in-chief as a result of Plaintiff's failure to properly subpoena the witness is stricken and order that Defendants' case-in-chief shall begin at the start of the day on Wednesday, April 8, 2026.

2

## II.    Relevant Facts.

On March 30, 2026, one week before trial, Plaintiff's counsel, Steven Benedetto e-mailed undersigned counsel twenty (20) trial Subpoenas Plaintiff was intending to issue, including twelve (12) Subpoenas addressed to current and former City of Phoenix employees.[1] (*See* e-mail dated March 30, 2026, attached hereto as Exhibit 1.)  The email states as follows:

Lori and Anelisa,

Please find attached the trial subpoenas we are issuing in this matter.

Additionally, please let us know if you can accept service for the City of Phoenix officers (Barrios, Fortune, Gage, Hester, Louisoder, Magee, McBride, Meelhuysen, Moore, Newton, Ovalle, and Stewart) or if we will need to send out service on them personally.

Thanks,

Steve

(Exhibit 1.)  None of these witnesses are on Plaintiff's list of "Witnesses who shall be called at trial" in the Final Pretrial Statement and four of them are on Plaintiff's list of "Witnesses unlikely to be called at trial."  The rest are on Plaintiff's list of "Witnesses who may be called at trial."  The unissued Subpoenas attached to the email require attendance at trial on Monday April 6, 2026 at 8:30 a.m., and continuing day-to-day until trial is completed.  (*See* Subpoenas, attached hereto as Exhibit 2.)    Undersigned counsel responded to Plaintiff's e-mail as follows:

Steve, serving trial subpoenas on City of Phoenix police officers at this late juncture creates an undue burden for both the officers and the City of Phoenix Police Department.  We do not have authority to accept service on behalf of any of the police officers.  Please advise whether Plaintiff has had the Subpoenas issued.  If they have been issued, we are going to file a Motion to Quash as to the City of Phoenix employees.

---

[1] Plaintiff included a Subpoena for Defendant Officer Magee.  Because Officer Magee is a party to this lawsuit, he does not require a Subpoena to appear.

3

Lori

(*See* e-mail dated March 31, 2026, attached hereto as Exhibit 3.)

On April 2, 2026, with one business day left before trial, Mr. Benedetto informed undersigned counsel that all efforts to serve the officers had been unsuccessful and asked whether the City would reconsider accepting service of the Subpoenas. (*See* e-mail dated April 2, 2026, attached hereto as Exhibit 4.) Undersigned counsel responded to Plaintiff's e-mail stating that the problems Plaintiff is apparently encountering with service of trial Subpoenas are due to having waited until the last minute to have witnesses subpoenaed, either through a lack of diligence or pursuant to a strategic tactic to try to force witnesses to testify under oath without having a full and fair opportunity to prepare. (*See* Exhibit 4.) Undersigned counsel again reiterated that Defendants' counsel does not have authority to accept service on behalf of the witnesses Plaintiff is attempting to serve at this late juncture. (*Id*.)

The following day, pursuant to the parties' agreement to provide 48 hours notice as to witnesses being called which was approved by the Court at the Final Pretrial Conference, Plaintiff's new out-of-state counsel Christopher Madeksho e-mailed undersigned counsel Plaintiff's witness list for Monday, as follows:

Dear counsel:

Our list for Monday is:

DCA Miller
Officer Barrios
Officer Stewart
Officer Magee
Tom Heneger.

The ones we do not finish Monday will go to Tuesday.

Thank you,
Chris

(*See* e-mail dated April 3, 2026, attached hereto as Exhibit 5.) That same day, Plaintiff's counsel sent another email to undersigned counsel as follows:

4

Dear Defense Counsel:

Given the delays and difficulties with service, out of an abundance of caution we are also giving 48 hr notice of Joe Larios and Anthony Robles should any of the previously disclosed witnesses not be available or it becomes otherwise necessary.

Yours,
Chris

(*See* Exhibit 5.)

The day before trial, on April 5, 2026, Mr. Madeksho emailed undersigned counsel as follows:

Dear Counsel:

The witnesses for Tuesday will be any of the remaining witnesses, including:

1. Rachel Robles,
2. Heather Hamel,
3. Jamaar Williams,
4. Darell Magee, and
5. Any witnesses previously disclosed but not examined.

Thank you,

Chris

(*See* e-mail dated April 5, 2026, attached hereto as Exhibit 6.)

Undersigned counsel responded to Plaintiff's counsel asking for clarification as to the following: (1) who is Plaintiff calling on Monday and in what order; (2) is Plaintiff calling Thomas Henegar on Monday as indicated in Plaintiff's witness list dated April 3, 2026 or on Tuesday as Plaintiff represented to the Court in Plaintiff's Rule 43 Motion seeking leave for Mr. Henegar to appear remotely (Doc. 266); (3) is Plaintiff calling Officer Magee on Monday as indicated in Plaintiff's witness list dated April 3, 2026 or on Tuesday as indicated in Plaintiff's witness list dated April 5, 2026; (4) what is the order of the witnesses Plaintiff intends to call on Tuesday; (5) what does Plaintiff mean by "[a]ny witnesses previously disclosed but not examined"; and (6) which witnesses have been served with trial Subpoenas. (*See* Exhibit 6.)  In his response, Mr. Madeksho stated as follows:

5

Lori –

We have previously disclosed the Monday witnesses.

1.     DCA Miller
2.     Officer Barrios
3.     Officer Stewart
4.     Officer Magee
5.     Tom Heneger
6.     Joe Larios
7.     Anthony Robles

If they don't go Monday, they will go Tuesday. Remaining witnesses are:

8.     Rachel Robles,
9.     Heather Hamel,
10.    Jamaar Williams,
11.    Officer Gage.

I included Officer Magee twice because I confused him with Officer Gage. Thank you for catching that and clarifying.

As for the order, I am not yet sure in what order. It will depend on which witnesses are available and we need to get through voir dire, openings, and a judge's ruling in order to determine that.

My understanding is that you have already been served with trial subpoenas for all officers you represent.

My question for your [sic]:
Please have your witnesses ready to go Tuesday if we get through our witnesses. Which witnesses will you call?

I hope this helps. I look forward to seeing you on Monday.
Yours,

Chris

(*Id.*)

Since then, Plaintiff's counsel has maintained that Plaintiff will not provide the order in which he intends to call witnesses, stating as follows: "The specific order of those witnesses (particularly given your attempt to refuse service for your own clients) is information to which you are not privy as it is our work-product." (*Id.*) Plaintiff's counsel

6

has also refused to respond to undersigned counsel's inquiries about which witnesses have been served with trial Subpoenas, the most important being the first-listed witness, Deputy County Attorney Jeremy Miller, making it impossible for undersigned counsel to anticipate which witnesses will appear when called on the first two days of trial. (*Id.*) Plaintiff's counsel has also refused to answer undersigned counsel's questions regarding the inconsistency between Plaintiff's Rule 43 Motion, which represents that Mr. Henegar is only available to testify on Tuesday, and Plaintiff's continued listing of Mr. Henegar as a Monday witness, stating only that "[w]e have moved to have Mr. Henager [sic] testify via zoom on Tuesday[]", and ignoring undersigned counsel's questions about why he is on Monday's witness list. (*Id.*)

On the evening of April 5, 2026, instead of providing the requested information, including whether key witnesses such as DCA Miller who is listed as Plaintiff's first witness for Monday had been properly subpoenaed, Plaintiff's counsel asserted for the first time that Plaintiff would rest his case on Tuesday (the second day of trial) and demanded that Defendants identify their witnesses for Tuesday, asserting that Defendants were within the 48-hour disclosure window. (*Id.*) When undersigned counsel requested clarification regarding whether Plaintiff would in fact rest on Tuesday and at what time, Plaintiff's counsel refused to provide any estimate, stating that they would not "guess" timing because it depended on Defendants' cross-examination. (*Id.*)

## II.    Legal Argument.

### A.    Plaintiff Failed to Properly Serve the Trial Subpoenas and Tender the Required Witness Fee.

"Trial subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure." *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.*, No. 1:17-cv-277, 2018 U.S. Dist. LEXIS 228934, at *2 (W.D. Mich. Sep. 7, 2018). Subsection (b) of the rule imposes limitations on service of a subpoena. *See* Fed. R. Civ. P. 45(b). Among the requirements, a copy of the subpoena must be delivered to the named person and, if the subpoena requires that the person's attendance, fees must be tendered "for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

Rule 45 requires personal service on the individual named in the Subpoena and other federal courts have found that service on counsel is insufficient. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015) (holding that a trial court did not abuse its discretion when quashing a subpoena that failed to (1) tender the required fees, (2) comply with the geographic limits, and (3) serve the subpoenas on the named person.); *Mustafa Dogan Dairy Consulting, LLC*, 2018 U.S. Dist. LEXIS 228934 at *3-4 (ruling that the court *must* quash subpoenas where the plaintiff sent the subpoenas to counsel for defendant rather than to the witnesses themselves and did not tender the required travel expenses with the subpoenas); *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, (E.D. La. 2007) (quashing eight trial subpoenas that were served on counsel and not on the witnesses themselves); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2454 (3d ed. 2008) ("Moreover, unlike service of most litigation papers after the summons and complaint, service [of a Rule 45(b)(1) subpoena] on a person's lawyer will not suffice."). Federal courts have also quashed Subpoenas for failure to tender the required travel expenses with the Subpoenas. *See Mustafa Dogan Dairy Consulting, LLC*, 2018 U.S. Dist. LEXIS 228934 at *3-4; *Craft v. Mascorro*, 95 F.3d 1152 (6th Cir. Aug. 22, 1996) (involving a prisoner civil rights lawsuit where the prisoner failed to tender the fees required by Rule 45(b), "[t]he trial court was therefore without authority to issue the requested subpoenas.").

Here, Plaintiff failed to meet two of the requirements set forth in Rule 45(b)(1). Plaintiff sent the subpoenas to counsel for Defendants, and did not serve the witnesses themselves, and Plaintiff did not tender the required travel expenses with the Subpoenas. "The requirements in Rule 45 are not mere suggestions." *Mustafa Dogan Dairy Consulting, LLC*, 2018 U.S. Dist. LEXIS 228934 at *5. "[T]hese rules were not made to be tempered; they were made to be technical—from the specific amount of fees tendered, to the court issuing the subpoena, to the geographic scope of the request." *Id.* (citing *Hill*, 799 F.3d at 553).

Plaintiff's blatant disregard of the requirements imposed by Rule 45 are evident in his failure to comply with these necessary steps.

### B.    Plaintiff Failed to Provide Proper Notice.

Fed. R. Civ. P. 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden … on a person subject to a subpoena."  Rule 45 also mandates that a court *must* quash or modify a subpoena that "fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(d)(3)(A)(i).

Although Rule 45 does not define "reasonable time," courts have found fourteen days from the date of service as presumptively reasonable.  *See In re Rule 45 Subpoena to Fidelity Nat'l Info. Servs., Inc.*, No. 3:09-mc-29-J-25TEM, 2009 U.S. Dist. LEXIS 122142, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009) (collecting cases).  Furthermore, many federal courts have found that notice periods shorter than 14 days are unreasonable.  *See Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 U.S. Dist. LEXIS 120668, at *4-5 (E.D. La. Sep. 9, 2015) ("The United States District Court for the Middle District of Louisiana has noted that anything less than 14 days is likely unreasonable.");  *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (finding subpoena to appear at deposition unreasonable where it was served one week prior to the deposition date); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding that six days' notice for deposition is not reasonable).

The Subpoenas Plaintiff's counsel emailed to Defendants' counsel on March 30, 2026, provided less than one week's notice for trial attendance beginning April 6, 2026 and continuing each day of trial.  Such short notice is grossly unreasonable.  Furthermore, Plaintiff's conduct reflects a complete failure to take "reasonable steps" to avoid that burden. Despite the fact that trial was previously set to begin on March 31, 2026, Plaintiff did not attempt to coordinate availability or provide advance notice and instead attempted to force Defendants' counsel to accept service of Subpoenas for witnesses, some of whom were not even expected to testify, on the eve of trial.  Undersigned counsel has been actively engaged in trial preparation and does not have the ability at this late juncture to assist Plaintiff's

9

counsel with their last-minute scheduling of witnesses.  This is precisely the type of burden Rule 45 is designed to prevent.

Plaintiff waited until March 30, 2026, just days before trial, to request that undersigned counsel accept service on behalf of all current and former City employees on Plaintiff's witness list.  Because none of these individuals are listed on Plaintiff's list of witnesses "who shall be called at trial," undersigned counsel had no reason to anticipate that Plaintiff would seek to serve these individuals less than a week before trial.  Had Plaintiff acted earlier, undersigned counsel would have been willing to do what they could to assist Plaintiff's counsel in facilitating proper service on these individuals.  Plaintiff's self-created urgency does not excuse noncompliance with Rule 45.

### C.   Plaintiff's Out-Of-State Counsel's Tactics Further Demonstrate the Need for Court Intervention.

Plaintiff's out-of-state counsel's conduct reflects a deliberate strategy of withholding critical information from undersigned counsel, including: (1) the order in which Plaintiff intends to present his witnesses; and (2) which of the witnesses on Plaintiff's witness list have been subpoenaed.  Most notably, Plaintiff's counsel has refused to confirm whether Plaintiff's first witness, DCA Miller, has been properly subpoenaed, despite repeated requests and despite listing him as the first witness to be called on the first day of trial.  This tactic has made it increasingly difficult for undersigned counsel to prepare for trial, as counsel is forced to expend significant time preparing for witnesses who may not even appear due to Plaintiff's failure to properly serve them.

In addition, on the night before trial, Plaintiff's counsel has abruptly reduced the anticipated length of Plaintiff's case-in-chief from four to five days, as represented in the Joint Pretrial Statement, to less than two days in what appears to be a strategy to manufacture an issue of non-compliance by Defendants by accusing undersigned counsel of refusing to provide a witness list 48 hours prior to calling the witnesses.[2]  Based on the information

---

[2]   Mr. Madeksho's position is further undermined by his co-counsel's acknowledgment that Defendants would likely be able to call, at most, one witness on Tuesday.  (*See* Exhibit 6.)

previously provided to Defendants in the Joint Final Pretrial Statement and based on the fact that Plaintiff has advised that he intends to call 11 witnesses the first two days of trial, undersigned counsel did not anticipate beginning Defendants' case-in-chief on Tuesday (the second day of trial).

Taken together, these tactics have placed Defendants in an untenable position where undersigned counsel is forced to prepare for an unknown and shifting witness list while being accused of noncompliance for failing to respond to Plaintiff's counsel's unreasonable demand for a witness list the night before trial.  Court intervention is necessary to prevent further prejudice and ensure that trial proceeds in a fair and orderly manner.

**III.    Conclusion.**

For the reasons stated herein, Defendants respectfully request that this Court grant this Motion and enter an Order:

1.  requiring Plaintiff to present witnesses in the order in which they were listed in the 48-hour notifications provided to undersigned counsel;
2.  precluding Plaintiff from calling any witness who is not present and ready to testify when called due to Plaintiff's failure to properly subpoena that witness; and
3.  ordering that Defendants' case-in-chief shall begin at the start of the court day on Wednesday, April 8, 2026.

A proposed order is attached pursuant to Local Rule of Civil Procedure 7.1(b)(2).

DATED this 5th day of April, 2026.

BERKE LAW FIRM, PLLC

By: _s/ Lori V. Berke_
Lori V. Berke
Anelisa Benavides
*Attorneys for Defendants City of
Phoenix and Darrell Magee*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen D. Benedetto
benedetto@the-plf.com

Mart Harris
MH@TLawF.com

Christopher L. Madeksho
cmadeksho@madeksholaw.com

*Attorneys for Plaintiff*

s/ Anelisa Benavides