THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

THE TRIAL LAW FIRM, LLC
Marty Harris (Pro Hac Vice)
445 Fort Pitt Boulevard, Suite 220
Pittsburgh Pennsylvania, 15219
412.588.0030 (p)
412.265.6505 (f)
mh@tlawf.com

*Attorneys for Plaintiff Jamaar Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamaar Williams, | Case No. CV-20-1367-PHX-SMB-ASB |
| Plaintiff, | |
| v. | **PLAINTIFF'S REQUEST FOR CLARIFICATION** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Jamaar Williams, through undersigned counsel, hereby seeks clarification regarding the scope of evidence and trial as follows:

The operative claims in this lawsuit are First Amendment Retaliation, and two counts of Malicious Prosecution. At summary judgment, Defendants argued, as to the First Amendment claim, that Plaintiff's presence stripped him of his First Amendment rights. ECF 228, 32:12-15. Specifically, that "Plaintiff was not engaged in a constitutionally

protected activity *because his participation in the protest became a crime* when he remained in the area after police declared an unlawful assembly. ECF 228, 32:15-17. Defendants' arguments continued to be specifically linked to Plaintiff's right to protest/observe police actions. ECF 228, 32:17-19, 19-23. The Court ultimately ruled that the validity of Lt. Moore's declaration was a disputed fact. ECF 228, 33:20-34:1.

The evidence in this trial could include three specific instances of First Amendment protected activity. First is Plaintiff's attendance at the protest in general. Second is Plaintiff's actions as a "legal observer" during the protest specifically. Third is Plaintiff's threats to petition the government against Defendant Darrell Magee. As to the first two instances of protected activity, Plaintiff concedes that, under the current law of the case, evidence of the protest proper, Lt. Moore's declaration of unlawful assembly and dispersal orders, the warnings leading up thereto and related evidence ("Conceded Evidence") are relevant.

As to the third instance of particularized and individualized protected activity specifically directed at Magee, the logic does not appear to cross-apply. Stated another way, even if Plaintiff's presence at the protest at the time stripped him of his First Amendment right to assemble *in that specific place at that specific time*, that does not impact Plaintiff's ability to threaten a government petition in that same place and at that same time. For example, in this exact same factual scenario, if Plaintiff threatened to sue Magee for excessive force as Magee was actually and lawfully attempting to arrest him, and because of Plaintiff's threat, Magee shot Plaintiff in the face, the fact of the lawful arrest attempt could not foreclose a First Amendment retaliation case based on the threat of petitioning the government and the resultant adverse action. Simply put, even if Plaintiff was otherwise committing a crime, not every aspect of the First Amendment is stripped from him.

On this logic, Plaintiff approached the defense with a proposal to limit the scope of evidence and witnesses, and therefore, the length of the trial. Plaintiff would limit the First Amendment claim to the particular protected activity of petitioning the government against Magee. Plaintiff proposed that this limitation would render the Conceded Evidence irrelevant under Rule 402, confusing and prejudicial under Rule 403, and, as to Plaintiff's alleged disobedience, "other acts" under Rule 404(b). Defendants insist that the Court's summary judgment ruling makes the Conceded Evidence relevant to any First Amendment claim in the trial.

Additionally, at summary judgment, the Court quoted *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). ECF 228, 31:2-6 ("If an official takes adverse action against someone ***based on that forbidden motive***…the injured person may generally seek relief by bringing a First Amendment claim." (emphasis added)).  On this logic, whether Plaintiff was *actually* engaged in First Amendment protected activity is not the relevant factor; it is whether Magee's actions were "based on that forbidden motive."  This is more aligned with Supreme Court and Ninth Circuit jurisprudence. *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 194 L. Ed. 2d 508, 578 U.S. 266 (2016) ("In this case a government official demoted an employee because the official believed, but incorrectly believed, that the employee had supported a particular candidate for mayor. The question is whether the official's factual mistake makes a critical legal difference. Even though the employee had not in fact engaged in protected political activity, did his demotion "deprive" him of a "right ... secured by the Constitution?" 42 U.S.C. § 1983. We hold that it did.").

The Third Circuit's logic that a First Amendment retaliation claim is only available when there was actual rather than perceived protected activity was specifically overturned. *Heffernan*, at 269-70. The Ninth Circuit also considers the relevant issue to be the defendant's motive in relation to the plaintiff's actions, not whether the plaintiff's underlying actions are in fact protected activities. *Stilwell v. City of Williams*, 831 F.3d

1234 (9th Cir. 2016) citing *Heffernan*, ("holding that whether the protected speech was actually engaged in by the employee is not determinative because it is the perception of the employer as to whether that protected activity occurred that matters to a First Amendment retaliation claim.").

Thus, Plaintiff seeks clarification from the Court as to the applicability of the Conceded Evidence in trial, where Plaintiff is limiting the predicate First Amendment protected activity to the Magee petition and/or a straight Malicious prosecution presentation. This clarification can substantially decrease the length of the trial.

DATED this 6th day of April, 2026.

THE TRIAL LAW FIRM

By: /s/ Marty Harris
Marty Harris

THE PEOPLE'S LAW FIRM

By:/s/ Stephen D. Benedetto
Stephen D. Benedetto

*Counsel for Plaintiff*

///

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2026, I electronically transmitted the foregoing document to the CM/ECF registrants on record in this matter:

Lori Berke, Esq.
Anelisa Benavides, Esq
BERKE LAW FIRM, PLLC
1601 North 7th Street, Suite 360
Phoenix, Arizona  85006
lori@berkelawfirm.com
anelisa@berkelawfirm.com

*Attorneys for Defendants*

/s/ Stephen D. Benedetto
*An employee of The People's Law Firm, PLC*