THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

THE TRIAL LAW FIRM, LLC
Marty Harris (Pro Hac Vice)
445 Fort Pitt Boulevard, Suite 220
Pittsburgh Pennsylvania, 15219
412.588.0030 (p)
412.265.6505 (f)
mh@tlawf.com

*Attorneys for Plaintiff Jamaar Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamaar Williams, | Case No. CV-20-1367-PHX-SMB-ASB |
| Plaintiff, | |
| v. | **RESPONSE TO DEFENDANTS'** |
| | **MOTION FOR ORDER REGARDING** |
| City of Phoenix, et al., | **PLAINTIFF'S WITNESS LIST AND** |
| | **TRIAL SCHEDULING** |
| Defendants. | |

Plaintiff Jamaar Williams, through undersigned counsel, hereby responds to the Motion for Order Regarding Plaintiff's Witness List and trial scheduling. Defendants filed their motion at 10:36 p.m., on the eve of trial. Its purpose is as transparent as it is extraordinary: having spent the prior week ensuring that Plaintiff could not serve trial subpoenas on the City's own officers, Defendants now seek to convert that obstruction into a massive procedural win by asking this Court to strike witnesses Plaintiff was prevented

from subpoenaing.  The motion should be denied. Plaintiff addresses each request briefly and then turns to what the motion most clearly reveals.

## I.      Defendants' Are Not Entitled to Witness order.

Plaintiff has disclosed to Defendant the identities of witnesses from its "may call" list that it intends to call.  That disclosure is subject to a significant caveat: whether Officers Barrios, Gage, Hester, Ovalle, and Stewart are available to testify depends entirely on whether this Court grants Plaintiff's Emergency Motion to Compel Witness Attendance, filed contemporaneously. Plaintiff cannot commit to a fixed order when Defendants have frustrated his ability to secure witnesses in the first place.  Nor is Defendant entitled to such a fixed order.  Defendants' first request is abjectly improper and should be denied.

## II.     The Request to Strike Witnesses Plaintiff Could Not Serve Because Defendants Obstructed Service Is Not "Relief," It Is a Reward for Obstruction.

Defendants next ask the Court to strike any witness who fails to appear due to Plaintiff's "failure to properly subpoena" them. This framing depends entirely on the premise that the service failure was Plaintiff's fault.  It was not.

Plaintiff attempted to serve Officers Barrios, Gage, Hester, Ovalle, and Stewart through repeated personal service efforts beginning April 1, 2026—the soonest a process server could be sent out for service after defense counsel surprisingly refused to accept service without justification.  Those in-person efforts failed not because Plaintiff was dilatory, but because:

- Phoenix Police personnel repeatedly misdirected process servers to precincts to which the officers were not actually assigned;

- When finally arriving at the correct precincts, officers were either "not working," with no indication of when they would be working again; were protected behind closed gates and doors; and on one occasion where actively guarded by two police cruisers

who activated their emergency lights and prevented the process server from proceeding his service attempt, advising him "this was not the best way to serve an officer";

- When attempts were made at the Phoenix Police Department Headquarters, the Department's Litigation Division promised to facilitate contact and never did despite numerous attempts; and,

- At least one officer — Sergeant McBride — was out of state after reportedly being told by defense counsel that his testimony was "not needed." McBride also reported that trial was "cancelled."

Defendants' motion asks the Court to punish Plaintiff for the consequences of this conduct—conduct that began with Defense Counsel's refusal to accept service of trial subpoenas for her own clients, and continued through what appears to be a department-wide effort at obstruction and frustration of service. That request is denied by the most basic tenants of fairness: a party may not obstruct its opponent's ability to compel witness attendance and then benefit from the resulting absence. Plaintiff's Emergency Motion to Compel addresses this directly and is the appropriate vehicle for relief.

**III.    Defendants' Own Motion Concedes the Key Point.**

Buried in footnote 2 of Defendants' motion is the following admission: **"Had Plaintiff acted earlier, undersigned counsel would have been willing to do what they could to assist Plaintiff's counsel in facilitating proper service on these individuals."** (Defs.' Mot. at 10 n.2.). This concession is extraordinary: Ms. Berke concedes that she had the ability to facilitate service and simply chose not to exercise it.

Footnote 2 stands as an implicit acknowledgment that Ms. Berke's refusal was not compelled by law or client instruction, but was a discretionary decision made because Plaintiff did not ask early enough to suit her. Rule 45 does not condition the right to compel witness attendance on whether opposing counsel approves of the timing. The officers are employees of a party defendant. Ms. Berke is their counsel of record in this case. The

decision not to facilitate service was hers, and the consequences of that decision should not fall on Plaintiff.

**IV.    The Witness Fee Issue Is a Red Herring.**

Defendants also argue that Plaintiff failed to tender required witness fees. The sworn Returns of Non-Service (attached as Exhibits 6-11 in Plaintiff's separately filed Motion) reflect that process servers tendered fees at each attempt at personal service — $50 per officer, based on calculation from precincts, with $100 tendered for Sergeant McBride given his out-of-state status.  No officer was ever located to receive either the subpoena or the fees—which Plaintiff would have willingly adjuster if any officer had ever contacted them.   Further, had Ms. Berke ever indicated that her refusal to accept service for the officers was tied to a lack of witness fees Plaintiff would have promptly addressed it.

But all of this ignores the fact that the witness fee issue is entirely beside the point. Defendants did <u>not</u> refuse to accept service because fees were not tendered.  Ms. Berke's March 31 and April 1 emails make clear that her refusal was based on claimed "undue burden" to the City (and, eventually, some loosely claimed "undue burden" to the officers) — not alleged fee deficiencies. That justification has been addressed at length in Plaintiff's Emergency Motion.

**V.    The Scheduling Request Is Premature.**

Finally, Defendants request that their case-in-chief begin Wednesday, April 8. This is a scheduling matter the Court can resolve at trial based on how the first two days actually proceed.  Plaintiff's intention at this point is to conclude its case by the end of Tuesday, but that, too, is entirely dependent on which witnesses will actually be available after Defendants have spent the last week avoiding service of process.

## VI.    **<u>Conclusion</u>**

Defendants' motion is, given its most charitable interpretation, a preemptive attempt to insulate themselves from the consequences of their own conduct.  More likely, it is a transparent effort to procedurally neuter Plaintiff's entire case by leveraging their own affirmative misconduct.  If Defendants were earnest in their "undue burden" objection, they could have acknowledged service and filed appropriate objections with the Court.  Instead, they have required Plaintiff's counsel to spend the better part of a week (which should have been dedicated to trial preparation) to attempting to find and personally serve Defendants' own employees—while seemingly taking affirmative actions to minimize those very employees' availability.

Plaintiff respectfully requests that the Court deny the motion to strike and defer the scheduling request to trial management. The appropriate vehicle for resolving the witness attendance issue is Plaintiff's Emergency Motion to Compel Witness Attendance and for Sanctions, which the Court should grant.

DATED this 6th day of April, 2026.

THE PEOPLE'S LAW FIRM


By:/s/ Stephen D. Benedetto
    Stephen D. Benedetto

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically transmitted the foregoing document to the CM/ECF registrants on record in this matter:

Lori Berke, Esq.
Anelisa Benavides, Esq
BERKE LAW FIRM, PLLC
1601 North 7th Street, Suite 360
Phoenix, Arizona  85006
lori@berkelawfirm.com
anelisa@berkelawfirm.com

*Attorneys for Defendants*

/s/ Stephen D. Benedetto
*An employee of The People's Law Firm, PLC*