THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Jesse S. Wulsin (Ariz. Bar. No. 025893)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
wulsin@the-plf.com

THE TRIAL LAW FIRM, LLC
Mart Harris (Pro Hac Vice)
445 Fort Pitt Boulevard, Suite 220
Pittsburgh Pennsylvania, 15219
Telephone:  (412) 588-0030
Facsimile:  (412) 265-6505
mh@tlawf.com

MADEKSHO LAW FIRM, LP
Christopher L. Madeksho (Pro Hac Vice)
Warner Center Business Park
5950 Canoga Ave.
6th Floor, Suite 600
Woodland Hills, CA 91367
Telephone: (818) 963-8550
Facsimile: (213) 386-1070
cmadeksho@madeksholaw.com

*Attorneys for Plaintiff Jamaar Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamaar Williams, | Case No. CV-20-1367-PHX-SMB-ASB |
| Plaintiff, | |
| v. | **BENCH MEMO RE: COURT'S AUTHORITY UNDER RULE 54** |
| City of Phoenix, et al., | |
| Defendants. | |

At issue is the Court's authority to order Defendants Officer Francisco Barrios and Lieutenant Joseph Gage to appear at trial and offer witness testimony. Rule 54(b), Fed. R. Civ. P., provides that in cases involving multiple claims or parties, the Court may enter final judgment as to fewer than all claims or parties only if it "expressly determines that there is no just reason for delay." In the event such language is not present, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment and adjudicating all the claims and all the parties' rights and liabilities." Rule 54(b), Fed. R. Civ. P.

The 9th Circuit applies Rule 54(b) "in a mechanical manner," requiring both an express determination and an express direction; a mere reference to Rule 54(b) without both does not suffice. *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (B.A.P. 9th Cir. 2001). Indeed, a district court order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with Rule 54(b). *Id.* At 855-56. Absent Rule 54(b) certification, such orders "may be revised at any time" before final judgment. *U.S. v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017).

Here, the Court's March 14, 2025 Order (Doc. 223), dismissed Defendants Barrios, Gage, and Williams with prejudice. The Order does not reference Rule 54 or include the certification language contemplated by Rule 54. In other words, the Court retains authority to revise the dismissal of Defendants Barrios and Gage. It is axiomatic that if the Court can revise an order related to a party, then the Court has jurisdictional authority over that party.

Plaintiff Jamaar Williams is asking the Court to exercise that authority and require these Defendants to appear at trial so that the jury can render a decision with the benefit of their testimony. In the alternative, Plaintiff requests the court permit him to offer portions of Officer Francisco Barrios's and Lieutenant Joseph Gage's depositions taken in this

matter, line and page designations of which are attached hereto as Exhibits 1 and 2. Defendants Barrios and Gage were employees of Defendant City of Phoenix when they were deposed, and testified about matters within the scope of that employment.  Thus, their deposition testimony is not hearsay under Rule 801(d)(2)(D), Fed. R. Evid.

Moreover, even if the testimony was hearsay, their testimony is excepted from the rule against hearsay.  As explained in Plaintiff's Emergency Motion to Compel Witness Attendance and for Sanctions Arising from Defendants' Obstruction of Trial Subpoenas (Doc. 270) , Plaintiff has been unable to secure Defendants Barrios's and Gage's appearance by process or other reasonable means.  Consequently, they are unavailable as witnesses under Rule 804(a)(5)(A).  As former testimony in this proceeding – offered during deposition while defended by defense counsel in this case – their testimony is not excluded by the rule against hearsay under Rule 804(b)(1).

Finally, Plaintiff notes Defendant's claim to the Court that they "may" call Defendants Barrios and Gage, was misleading.  In fact, Defendant's counsel has advised Plaintiff that they *will* call both witnesses, and intend to have them testify on Wednesday, April 8, 2026.  *See* 4/6/2026 Email from L. Berke, attached hereto as Exhibit 3.  This undercuts Defendants position that producing these witnesses in time for trial is a hardship, either on defense counsel or Defendants Barrios and Gage.

DATED this 6th day of April, 2026.

THE PEOPLE'S LAW FIRM
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003


By:/s/ Jesse S. Wulsin
    Steven D. Benedetto
    Jesse S. Wulsin


*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I caused the foregoing to be electronically transmitted to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lori V. Berke, Esq.
Anelisa Benavides, Esq.
BERKE LAW FIRM PLLC
1601 North 7th Street, Suite 360
Phoenix, Arizona  85006
lori@berkelawfirm.com
anelisa@berkelawfirm.com

*Attorneys for Defendants*


/s/ Stephen D. Benedetto
*An employee of The People's Law Firm, PLC*

- 4 -