Lori V. Berke (#015628)
Anelisa Benavides (#036446)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
anelisa@berkelawfirm.com

*Attorneys for Defendants City of Phoenix and*
*Darrell Magee*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jamaar Williams,<br><br>                    Plaintiff,<br><br>  vs.<br><br>City of Phoenix, et al.,<br><br>                    Defendants. | Case No. 2:20-CV-01367-PHX-SMB<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL WITNESS ATTENDANCE AND FOR SANCTIONS** |

Defendants City of Phoenix and City of Phoenix police officer Darrell Magee (collectively "Defendants"), through undersigned counsel, file this response in opposition to Plaintiff's Emergency Motion to Compel Witness Attendance and for Sanctions (Doc. 270). Plaintiff's Motion is a clear attempt to shift blame to Defendants and their counsel for Plaintiff's own lack of diligence and failure to comply with Fed. R. Civ. P. 45. Defendants request that the Court deny Plaintiff's Motion for the reasons set forth below.

## I.    LEGAL ANALYSIS.

### A.    Plaintiff's Lack of Diligence Created the "Emergency" Regarding Trial Subpoenas.

As discussed at length in Defendants' Motion for Order Regarding Plaintiff's Witness List and Trial Scheduling (Doc. 268), and during trial on April 6, 2026, Plaintiff waited until March 30, 2026, less than one week before trial, to issue twenty (20) trial subpoenas,

1

including twelve subpoenas directed at current and former City of Phoenix police officers and employees. (*See* e-mail dated March 30, 2026, attached hereto as Exhibit 1.) Rather than properly serving those subpoenas, Plaintiff's counsel emailed them to undersigned counsel and requested that undersigned counsel accept service on behalf of the City employees. (*Id*.) This conduct is not compliant with Fed. R. Civ. P. 45, which requires that a copy of each trial subpoena "be delivered to the named person and, if the subpoena requires that the person's attendance, fees must be tendered for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

Federal courts have found that service on counsel is insufficient. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015) (holding that a trial court did not abuse its discretion when quashing a subpoena that failed to (1) tender the required fees, (2) comply with the geographic limits, and (3) serve the subpoenas on the named person.); *Mustafa Dogan Dairy Consulting, LLC*, 2018 U.S. Dist. LEXIS 228934 at *3-4 (ruling that the court *must* quash subpoenas where the plaintiff sent the subpoenas to counsel for defendant rather than to the witnesses themselves and did not tender the required travel expenses with the subpoenas); *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, (E.D. La. 2007) (quashing eight trial subpoenas that were served on counsel and not on the witnesses themselves); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2454 (3d ed. 2008) ("Moreover, unlike service of most litigation papers after the summons and complaint, service [of a Rule 45(b)(1) subpoena] on a person's lawyer will not suffice."). Federal courts have also quashed Subpoenas for failure to tender the required travel expenses with the Subpoenas. *See Mustafa Dogan Dairy Consulting, LLC*, 2018 U.S. Dist. LEXIS 228934 at *3-4; *Craft v. Mascorro*, 95 F.3d 1152 (6th Cir. Aug. 22, 1996) (involving a prisoner civil rights lawsuit where the prisoner failed to tender the fees required by Rule 45(b), "[t]he trial court was therefore without authority to issue the requested subpoenas.").

Plaintiff's request that undersigned counsel accept service of twelve trial subpoenas days before trial is also a violation of Fed. R. Civ. P. 45(d)(1), which states that an "attorney

responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden … on a person subject to a subpoena" and mandates that a court *must* quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Although Rule 45 does not define "reasonable time," courts have found fourteen days from the date of service as presumptively reasonable. *See In re Rule 45 Subpoena to Fidelity Nat'l Info. Servs., Inc.*, No. 3:09-mc-29-J-25TEM, 2009 U.S. Dist. LEXIS 122142, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009) (collecting cases). Furthermore, many federal courts have found that notice periods shorter than 14 days are unreasonable. *See Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 U.S. Dist. LEXIS 120668, at *4-5 (E.D. La. Sep. 9, 2015) ("The United States District Court for the Middle District of Louisiana has noted that anything less than 14 days is likely unreasonable."); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (finding subpoena to appear at deposition unreasonable where it was served one week prior to the deposition date); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding that six days' notice for deposition is not reasonable).

The subpoenas Plaintiff's counsel emailed to Defendants' counsel on March 30, 2026, provided less than one week's notice, were not served on the individuals named in the subpoenas, and lacked the necessary witness fee checks. Plaintiff's attempt to manufacture an emergency after disregarding basic procedural requirements should be rejected. The issues Plaintiff has faced with serving witnesses at the last minute is not caused by any baseless allegations of obstruction by Defendants, but rather is the predictable consequence of Plaintiff's own strategic or negligent delay.

Plaintiff's lack of diligence is further underscored by his Rule 43(a) Motion to Permit Videoconference Testimony of Witness Thomas Henegar (Doc. 266), which the Court has since denied. In that Motion, Plaintiff sought leave for Mr. Henegar, one of Plaintiff's own witnesses, to appear remotely at trial based on his residence in Oregon. However, as explained in Defendants' Response in Opposition (Doc. 267), Plaintiff has been aware of Mr. Henegar's Oregon residence since at least December 13, 2023, when Mr. Henegar so

testified during his deposition.  Despite this longstanding knowledge, Plaintiff appears to have waited until just days before trial to notify Mr. Henegar of the trial and then waited until one business day before trial to seek Defendants' agreement for remote testimony.  This issue, like Plaintiff's failure to properly subpoena the City witnesses, is entirely self-created and cannot be attributed to any conduct by Defendants.  Rather, it further demonstrates a pattern of delay and lack of diligence by Plaintiff that has resulted in the very circumstances about which he now complains.

### B.    Defendants' Counsel Had No Authority to Accept Service.

Plaintiff's central premise, that Defendants improperly refused service, is false. Undersigned counsel, Lori V. Berke, notified Plaintiff's counsel on more than one occasion that she did not have authority to accept service on behalf of any of the police officers.  (*See* e-mail dated March 31, 2026 and April 2, 2026, attached hereto as <u>Exhibit 2</u>.)  At trial, Plaintiff's counsel suggested to the Court that this statement constituted a misrepresentation because undersigned counsel did not contact each individual officer to request such authority.  Ms. Berke never represented that she had requested authority to accept services of the trial subpoenas.  She simply stated that she does not have such authority which was, and still is, true.  Thus, Ms. Berke made no misrepresentation.

Plaintiff's reliance on alleged "prior practice" is likewise misplaced.  Even if counsel to the City in other unrelated matters has requested and accepted service on behalf of individual officers, that does not create a legal obligation in this case, especially where Plaintiff waited until the last minute to attempt service of trial subpoenas and sought to shift the burden of compliance onto Defendants.   In short, Plaintiff's accusation of misrepresentation is baseless and appears to be another attempt to deflect from Plaintiff's own failure to timely and properly subpoena witnesses for trial.

### C.    Plaintiff Improperly Conflates the Parties' 48-Hour Notice Agreement with Rule 45 Subpoena Requirements.

Plaintiff's reliance on the parties' agreement to provide 48-hours' notice of witnesses is misplaced and reflects a fundamental misunderstanding, or mischaracterization, of that

agreement.   The 48-hours' notice requirement pertains solely to trial sequencing and disclosure of which witnesses a party intends to call, not to the procedural requirements for compelling a witness's attendance at trial under Fed. R. Civ. P. 45.  These are entirely separate obligations.  Compliance with a scheduling agreement between counsel does not relieve a party of its independent duty to properly subpoena witnesses with reasonable notice and in accordance with Rule 45 and the parties' Joint Final Pretrial Statement.  (Doc. 254 at 13.)

That distinction is critical here because none of the officers Plaintiff sought to subpoena were identified as "witnesses who shall be called at trial", and were instead listed only as "witnesses who may be called at trial" and in the case of Lieutenant Benjamin Moore, Sergeant Douglas McBride, Sergeant James Meelhuysen, and Sergeant Newton, they were listed  as "witnesses unlikely to be called at trial."  (Doc. 254 at 13-16.)  As a result, Defendants had no reasonable basis to anticipate that Plaintiff would attempt to compel these individuals' attendance with less than one week to go before trial.  The 48-hour disclosure agreement was never intended to, and cannot, substitute for timely service of subpoenas or justify imposing last-minute burdens on non-party witnesses.

Furthermore, Plaintiff's assertion that all the officers he seeks to subpoena should have been prepared to testify because they were included on Defendants' witness list is likewise incorrect.  A party's disclosure of witnesses does not obligate that party to call any or all of those witnesses at trial.  Rather, such disclosures are made to preserve the ability to call those witnesses if necessary and to avoid preclusion, not to guarantee their appearance or availability at the opposing party's request. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006) ("A court may exclude testimony from witnesses not listed in the pre-trial witness list.").  Plaintiff cannot rely on Defendants' disclosures as a substitute for his own obligation to properly subpoena and secure the attendance of witnesses he intends to call.

Plaintiff's attempt to conflate these two distinct concepts is improper.  The issue is not whether Defendants had notice that Plaintiff might call certain witnesses, it is that Plaintiff failed to take the required steps to ensure those witnesses were compelled to appear.  That

failure lies entirely with Plaintiff and cannot be excused by reference to a separate and unrelated disclosure agreement.

### D.    Plaintiff's Allegations of Misconduct by City Of Phoenix Police Officers and Undersigned Counsel Are False.

Plaintiff's Motion relies heavily on inflammatory accusations of "obstruction," "misdirection," and misconduct by City of Phoenix police officers and undersigned counsel. As an initial matter, Plaintiff's characterization of communications between the process server and City personnel is inaccurate and misleading.  Plaintiff claims that City personnel, including attorney Emily Hovater, engaged in a pattern of misdirection and failed to follow through on promises to assist with service.  Ms. Hovater did speak with process server Kyle Hillis on April 1, 2026, for the limited purpose of gathering information about the case and the individuals Plaintiff was attempting to serve.  During that conversation, Ms. Hovater explained that, in some instances, a member of the Law Department's Litigation section might assist by notifying officers that a process server was attempting to serve them, and she mentioned Assistant Chief Counsel Jody Corbett as a possible contact.  Ms. Hovater made no promise that any specific person, including Ms. Corbett, would contact the process server, nor did she undertake any obligation to facilitate service on Plaintiff's behalf.

Instead, Ms. Hovater advised the process server that she would attempt to notify the officers that they could coordinate directly with the process server if they chose to do so.  The following day, April 2, 2026, process server Hillis again contacted Ms. Hovater and behaved in an unprofessional and aggressive manner, demanding that she put him in direct contact with the officers.  Ms. Hovater reiterated that she would attempt to notify the officers. Process server Hillis later acknowledged his inappropriate conduct by sending Ms. Hovater a text message apologizing for his behavior.  (*See* text message, attached hereto as Exhibit 3.)  Ms. Hovater intended to e-mail the officers on Friday, April 1, 2026, but was unable to do so before the end of the day.  Friday was Good Friday, immediately preceding a holiday weekend, and Ms. Hovater was in the process of preparing to leave on a previously scheduled vacation.  These circumstances do not support Plaintiff's claim of "obstruction," but instead

reflect the practical realities of Plaintiff's last-minute service efforts. They likewise do not support Plaintiff's assertion that any police officer was evading service.

Plaintiff's allegations concerning Sergeant McBride are equally baseless. Plaintiff claims that Sergeant McBride told a process server that he had been informed by defense counsel that he was "not needed" for trial and that trial had been "canceled." Defense counsel Lori V. Berke has expressly denied making these statements and Sergeant McBride has since then left a voicemail with the process server to correct his statement. (*See* Exhibit 2.) Undersigned counsel had told Sergeant McBride that Defendants would likely not call him during their case-in-chief, not that he would not be needed at trial. Sergeant McBride was never told trial was cancelled.

Plaintiff's accusations are particularly inappropriate given that the circumstances about which he complains were entirely of his own making. Having waited until the eve of trial to attempt service of numerous subpoenas, Plaintiff now seeks to shift blame by making inflammatory allegations against the City of Phoenix police offices and undersigned counsel.

> **E.   To the Extent That Plaintiff Intends to Seek to Designate Deposition Testimony for Officer Barrios and Lieutenant Gage, It Is Untimely and Improper.**

Plaintiff's Motion does not seek leave to designate or present deposition testimony in lieu of live testimony. However, on the evening of April 6, 2026, after trial had already commenced, Plaintiff's counsel, Chris Madeksho, sent an email to undersigned counsel that states in relevant part as follows:

> To the extent the court rules for Barrios and Gage to be there, we will call them once they are present. Otherwise we will call them on Wednesday. Barring that, we will use page and line designations of Barrios and Gage as filed as exhibits to our motion to compel argued today.

(*See* e-mail dated April 6, 2026, attached hereto as Exhibit 4.) The email did not attach any deposition designations and instead represented that such designations had already been submitted as part of Plaintiff's Motion. That representation is incorrect. The Motion contains no deposition designations and does not request leave of court permitting the use of deposition testimony in lieu of live testimony. Almost two hours later, Mr. Madeksho's co-

counsel, Jesse Santana Wulsin, sent a follow-up email attaching page-and-line deposition designations for Lieutenant Gage and Officer Barrios.  (*See* Exhibit 4.)

To the extent Plaintiff is now attempting to introduce deposition testimony in lieu of live testimony, such attempt is improper for several independent reasons.  Rule 32 of the Federal Rules of Civil Procedure allows a party to use the deposition of a witness if the court finds "…that the party offering the deposition could not procure the witness's attendance by subpoena; on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used."  Fed. R. Civ. P. 32(a)(4)(D)-(E).  Plaintiff has not satisfied either requirement.

Plaintiff has not filed any motion seeking leave to use deposition testimony based on "exceptional circumstances," as expressly required by Rule 32(a)(4)(E).  Rule 34 is clear that such relief must be requested "on motion and notice," thereby affording the opposing party an opportunity to respond and the Court an opportunity to make the requisite findings.  Despite Plaintiff's assertion to the contrary, Plaintiff's Motion contains no such request, and Plaintiff cannot satisfy Rule 32 through email correspondence sent after the Motion had been filed.

Furthermore, Plaintiff cannot demonstrate that he "could not procure the witness's attendance by subpoena" within the meaning of Rule 32(a)(4)(D).  The burden of proof lies with the party seeking to introduce the deposition, and they must show due diligence in attempting to secure the witness's attendance.  For example, in *Woodall v. Walt Disney Co.*, the court denied the use of deposition testimony because the plaintiff failed to serve subpoenas in a timely manner.  No. 2:20-cv-03772-CBM-E, 2025 U.S. Dist. LEXIS 44371, at *10 (C.D. Cal. Feb. 25, 2025).  Here, Plaintiff's inability to secure the attendance of Lieutenant Gage or Officer Barrios is the direct result of Plaintiff's own lack of diligence rather than circumstances beyond his control.  In fact, in the parties' Joint Notice to Court Reporter, filed just days before trial, and after the trial subpoena issue was already known to Plaintiff, the parties jointly represented to the Court that no deposition designations had been

made.  (Doc. 264.)  Plaintiff cannot now, one day into trial, attempt to introduce deposition testimony that was never properly disclosed or identified.

Because Plaintiff has neither demonstrated exceptional circumstances through a proper motion nor established that the witnesses' absence was unavoidable despite diligent efforts, the requirements of Rule 32 are not met.  As such, Plaintiff's attempt to introduce deposition testimony in lieu of live testimony should be denied.

**II.    CONCLUSION.**

For the reasons stated herein, Defendants respectfully request that this Court deny Plaintiff's Motion.

DATED this 7th day of April, 2026.

BERKE LAW FIRM, PLLC


By:_ *s/ Lori V. Berke*_____
      Lori V. Berke
      Anelisa Benavides
      *Attorneys for Defendants City of*
      *Phoenix and Darrell Magee*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen D. Benedetto
benedetto@the-plf.com

Mart Harris
MH@TLawF.com

Christopher L. Madeksho
cmadeksho@madeksholaw.com

*Attorneys for Plaintiff*

s/ Anelisa Benavides

10