**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamaar Williams, | No. CV-20-01367-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion for New Trial (Doc. 312) and Defendants' Motion for Entry of Judgment (Doc. 311.) The Court **denies** Plaintiff's Motion and **grants** Defendants' Motion for the reasons below.

## I.    BACKGROUND

A jury trial was held on Plaintiff's three claims against Defendants. The jury reached a general verdict in favor of Defendants on two of the claims: § 1983 First Amendment Retaliation ("Count 1"); and § 1983 Malicious Prosecution ("Count 2"). (Doc. 299 at 1.) The jury hung on the third claim: State Law Malicious Prosecution ("Count 3"). The Court, accordingly, declared a mistrial as to Count 3. (Doc. 298.) As part of the verdict, the jury also answered four special interrogatories, making various findings of fact. (*Id.* at 2–3.)

Plaintiff moves for a new trial, averring errors in the special interrogatories and jury instructions for Counts 1 and 2. (Doc. 312 at 2.) Defendants move for the Court to enter a favorable judgment as to Count 3 given the jury's findings in the special interrogatories.

(Doc. 311 at 5.)  The parties move pursuant to Federal Rules of Civil Procedure 49 and 59 respectively.

## II.    LEGAL STANDARD

### A.  Rule 49

Rule 49(b) applies to general verdicts with special interrogatories.  Two provisions are implicated here.  First, where answers to interrogatories "are consistent with each other but one or more is inconsistent with the general verdict, the court may . . . approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict."  Rule 49(b)(3)(A).  Second, where "the answers are inconsistent with each other and one or more is also inconsistent with the general verdict," the court "must order a new trial."  Rule 49(b)(4).  Defendants move pursuant to the former, while Plaintiff moves pursuant to the latter.

Both parties assert inconsistencies between the jury's general verdict and its interrogatories.  "It is well established that when there is tension between a general verdict and written interrogatories the district court must attempt to sustain the judgment by harmonizing the answers and the verdict." *See Wilks v. Reyes*, 5 F.3d 412, 415 (9th Cir. 1993).  In other words, any wrinkles must be incapable of ironing to warrant relief.  This means "the court must view the case in any reasonable way that makes the verdicts consistent."  *Flores v. City of Westminster*, 873 F.3d 739, 756 (9th Cir. 2017) (citation modified).  Consequently, only an "irreconcilable conflict" will warrant Rule 49(b) relief. *White v. Ford Motor Co.*, 312 F.3d 998, 1006 (9th Cir. 2002).

### B.  Rule 59

Rule 59(a)(1)(A) broadly permits a Court to grant a new trial, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  This includes "erroneous jury instructions."  *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).  Jury instructions are erroneous if, when viewed as a whole, they "fail to fairly and correctly cover the substance of the applicable law." *White*, 312 F.3d at 1012.  Nevertheless, the error "does not require reversal if it is more probable than

not that the error was harmless." *Moscow Distillery Cristall v. Pepsico, Inc.*, 141 F.3d 1177 (9th Cir. 1998) (citation modified).

### III.    DISCUSSION

The Court begins with Plaintiff's Motion for New Trial and then turns to Defendants' Motion for Entry of Judgment.

#### A. Motion for New Trial

Plaintiff's Motion challenges both the verdict form and the jury instructions. The Court starts with the verdict form.

1. *Verdict Form*

Plaintiff requests a new trial due to "conflicting interrogatory answers" and an "error" in how one of the interrogatories was written. (Doc. 312 at 6–7.) Therefore, both Rules 49(b) and 59(a) are implicated.

a. Rule 49(b) relief is unwarranted because any inconsistencies are readily reconcilable

Plaintiff fails to satisfy the elements of Rule 49(b)(4). To warrant a new trial, Plaintiff must demonstrate an irreconcilable inconsistency between: (1) the different answers to the interrogatories; and (2) one or more of the answers and the general verdict. Rule 49(b)(4). He fails to do so. The alleged inconsistencies between the jury's answers are readily reconcilable. This is sufficient to deny Rule 49(b) relief.

The jury's answers are not mutually exclusive. Plaintiff contends there is an inconsistency between special interrogatories ("SI") 1–3 and SI 4. (*Id.* at 6–7.) Specifically, Plaintiff argues that the jury's findings as to SI 1–3 precludes the jury's finding at SI 4. In SI 1, the jury found that Plaintiff did not push Officer Magee. (Doc. 299 at 2–3.) In SI 2, the jury found that Officer Magee did not grab Plaintiff's arm. (*Id.* at 3.) In SI 3, the jury found that, if Officer Magee had grabbed Plaintiff's arm, Plaintiff did not pull away. (*Id.*) But in SI 4, the jury found that Officer Magee reasonably believed that Plaintiff pulled away from him. (*Id.*) The following is an image of these findings.



(*Id.*)

In sum, Plaintiff argues that it is inconsistent for the jury to find both that: (1) Officer Magee did not grab Plaintiff's arm; and (2) Officer Magee reasonably believed that, when he grabbed Plaintiff's arm, Plaintiff pulled away from him. This is a fair argument. But it can be smoothed. In SIs 1–3, the jury established what happened. But in SI 4, the jury evaluated Officer Magee's *perception* of what happened. Therefore, it is fair to read the jury's answer in SI 4 as finding that Officer Magee was reasonably mistaken that Plaintiff had in fact pulled away from him. Importantly, SI 4 is not entirely reliant on SIs 1–3. Indeed, an officer's perception need not directly parallel reality to be reasonable. Multiple legal doctrines are premised on this truth. *See e.g., Messerschmidt v. Millender*, 565 U.S.

535, 546 (2012) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." (citation modified)); *Heien v. North Carolina*, 574 U.S. 54, 61 (2014) ("We have recognized that searches and seizures based on mistakes of fact can be reasonable.").  Therefore, it is not tortuous to read the jury's answers as finding that it was reasonable for Officer Magee, in a crowded and chaotic scrimmage line, to still believe Plaintiff pulled away from him even though Plaintiff did not in fact do so.  For this reason, the Court cannot conclude that the jury's answers are inconsistent and denies Plaintiff's request for Rule 49(b) relief.  *See Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.").

> b.  Rule 59(a) relief is unwarranted because there is no plain error

Plaintiff next argues that SI 4 erroneously instructed the jury to presume Officer Magee grabbed Plaintiff's arm: "Does Officer Magee reasonably believe that *when* he grabbed Plaintiff's arm, Plaintiff pulled away from him?"  (Doc. 299 at 3 (emphasis added).)  At trial, the Court flagged and modified a similar presumption in SI 3, changing "when" to "if" "because 'when' presumes that Officer Magee grabbed Plaintiff's arms." (Doc. 332 at 25.)  The Court, however, did not flag or modify the same phrasing in SI 4. Plaintiff thus argues that the verdict form is erroneous.  But Plaintiff failed to preserve this objection at trial.

"A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1).  The party must make this objection "before the instructions and arguments are delivered" to the jury.  Fed. R. Civ. P. 51(b)(2).  Plaintiff did not object to any of the SI's phrasing before the instructions and verdict form were delivered to the jury. Plaintiff only objected to the use of special interrogatories generally.  (Doc. 332 at 21 ("I don't think special interrogatories are necessary.".)  This is insufficient.  *See Int'l House of Pancakes, Inc. v. Twin City Fire Ins. Co.*, 19 F. App'x 686, 688 (9th Cir. 2001)

("Objections must be sufficiently specific and formal to put the court on notice that it is committing an error of law or an abuse of discretion."). Thus, the Court only reviews the SIs for plain error. *See* Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights.").

"The plain error standard requires the party challenging an instruction to show that: (1) there was error; (2) the error was plain; (3) the error affected that party's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Bearchild v. Cobban*, 947 F.3d 1130, 1139 (9th Cir. 2020). Altogether, this is "a high standard." *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1006 (9th Cir. 2020). Notably, the "last prong of the plain error analysis is undoubtedly the hardest to meet," typically saved for the "[r]are" case. *Hoard v. Hartman*, 904 F.3d 780, 791 (9th Cir. 2018). That is not this case.

The verdict form was neither erroneous nor did it seriously affect the fairness of the trial. As noted, SI 4 is a question of perception. The jury was asked to determine if Officer Magee reasonably believed Plaintiff pulled away from him. This required the jury to assume that Officer Magee grabbed Plaintiff's arm: "Does Officer Magee reasonably believe that [if/when] he grabbed Plaintiff's arm, Plaintiff pulled away from him?" Thus, use of "if" or "when" in SI 4 is immaterial because this fact must be assumed to reach the crux of the inquiry. Put differently, the jury could not determine whether Officer Magee reasonably believed Plaintiff pulled away unless they assumed he grabbed Plaintiff in the first place. Accordingly, the verdict form was not erroneous. Moreover, it is evident that the jury did not extrapolate the assumption in SI 4 outside that question. At SI 1, the jury found that Officer Magee did not grab Plaintiff's arm. Thus, there is no reason to believe the use of "when" seriously affected the fairness of the jury's deliberation. Consequently, the Court finds that SI 4 was not erroneous, let alone contain plain error, by using "when" instead of "if." Accordingly, the verdict form does not provide a basis to grant a new trial pursuant to Rule 59(a).

- 6 -

2. *Jury Instructions*

Next, Plaintiff challenges the jury instructions for Counts 1 and 2.

a.   Count 1—§ 1983 First Amendment Retaliation

Plaintiff demands a new trial, arguing the court incorrectly instructed the jury to find that Plaintiff was not engaged in protected First Amendment activity if it found that the Phoenix Police Department validly declared an unlawful assembly.  Plaintiff reasons that a dispersal order only applies to the First Amendment right to assemble in a location, and therefore does not prohibit other First Amendment rights such as documenting police activity or announcing an intent to sue the officers (i.e., petition the government for redress).  (Doc. 312 at 13.)   Thus, Plaintiff contends the instruction was too broad, incorrectly assuming a valid unlawful assembly declaration forecloses all First Amendment activity in a geographic area.  The Court disagrees.

The Court first discusses what review applies: harmless or plain error.  Defendants aver Plaintiff failed to timely object to this instruction at trial, and thus urges the Court to review only for plain error. (Doc. 323 at 18.)  Although Defendants are generally right, an exception applies.  Generally, "[t]he mere submission of alternative instructions . . . is ordinarily not sufficient to preserve an objection to the court's instructions." *Sunrich Food Grp., Inc. v. Pac. Food of Or., Inc.*, 207 F. App'x 745, 750 n.3 (9th Cir. 2006).  But there is an exception if "it is obvious that in the process of settling the jury instructions the court was made fully aware of the objections of the party and the reasons therefor and further objections would be unavailing."  *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1072 (9th Cir. 2020) (citation modified).   Here, Plaintiff submitted alternative instructions prior to the Court's Rule 51 conference on the last day of trial, asserting similar arguments noted above.  (Doc. 322 at 4.)  At conference, the Court responded, "I simply just disagree with your analysis," and denied Plaintiff's requested change.  (*Id.* at 5.)   Plaintiff did not then object to the Court's decision to omit his instruction.  Nevertheless, during jury instruction deliberations, the Court was fully aware of Plaintiff's objections and therefore will not require "the pointless formality of a specific

objection." *U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1184 (9th Cir. 1989). Accordingly, the Court will review for harmless error.

There is no error; the jury instruction fairly and correctly covered the effect of an unlawful assembly declaration on First Amendment rights. Again, Plaintiff narrowly argues that he had the right to remain in the area as a legal observer or to inform an officer of his intent to sue (i.e., petition the government) even if an unlawful assembly order foreclosed his right to continue to protest and assemble in that location. (Doc. 312 at 11–13.) Plaintiff attempts to fray the First Amendment into enough threads to unravel a loophole in Arizona's unlawful assembly statute. *See* A.R.S. § 13-2902 (criminalizing continued presence at an unlawful assembly after "an official order to disperse"). The Court finds no reason to pick at this seam.

Where an unlawful assembly declaration is valid, "protesters have no First Amendment right to remain in the area of a protest or riot after police have issued an order to disperse." *Peterson v. City of Los Angeles*, No. CV 2:21-05510-JAK (ADSX), 2026 WL 851310, at *11 (C.D. Cal. Mar. 23, 2026); *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-01230-BAS-AHG, 2020 WL 5759752, at *7 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom.*, *Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021) ("Plaintiffs had no First Amendment right to remain in the area of a protest or riot after police issued an order to disperse and were violating the law by doing so."); *Sernoffsky v. Novak*, 773 F. Supp. 3d 988, 1015 (S.D. Cal. 2025) (finding that a group "lost its First Amendment protections" after officers validly declared an unlawful assembly).[1] None of the authority Plaintiff cites suggests otherwise.

Of the seven cases Plaintiff cites, only two reference unlawful assemblies; and both cases recognize a city's right to disperse persons under such circumstances. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1144 n.59 (9th Cir. 2005) (noting it "had no doubt that a city could temporarily close for good reasons a street engulfed in a riot or an unlawful

---

[1] California's unlawful assembly statute, Cal. Penal Code § 409, is substantively identical to Arizona's. *See Abbey v. City Court of City of Tucson*, 439 P.2d 302, 302 (Ariz. Ct. App. 1968) (noting that "[o]ur unlawful assembly statute is patently adopted from California").

assembly" (citation modified); *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 823, 831 (9th Cir. 2020) (recognizing that "local officials have the authority to issue general dispersal orders on the public streets and sidewalks").

Plaintiff's closest case analogy is uneventful.  In *Index Newspapers LLC*, the court found that the *federal* defendants, as opposed to local officials, did not have the authority "to declare an unlawful assembly on the city's streets or to disperse people from city streets."  *Id.* at 832.  Rather, the court found that the federal defendants only had the authority to protect federal property, and concluded that dispersing the press—who were "neither on nor threatening federal property"—was not narrowly tailored to serving that interest.  *Id.* at 832–33.  Importantly, "Portland's law enforcement agreed not to require journalists and legal observers to disperse."  *Id.* at 831.  Thus, the court found that "the Federal Defendants have not shown the general dispersal orders they issued were lawful."  *Id.* at 834.

At bottom, Plaintiff fails to convince the Court it erred.  Therefore, the Court finds that it correctly instructed the jury that if it found the Phoenix Police Department's unlawful assembly declaration valid, then it must find that Plaintiff was no longer engaged in *any* First Amendment protected activity that would permit Plaintiff to remain in the area. (Doc. 305 at 13.)  Accordingly, the Court denies Plaintiff's request for a new trial pursuant to this instruction.

b.  Count 2—§ 1983 Malicious Prosecution

Finally, Plaintiff demands a new trial on Count 2, alleging the jury instruction materially misstated the law.  (Doc. 312 at 14.)  Specifically, Plaintiff takes issue with the instruction that Plaintiff had to prove "[a]s a consequence of the criminal prosecution, Mr. Williams suffered a deprivation of his First Amendment constitutional rights."  (Doc. 305 at 15.)  Plaintiff reasons that a § 1983 malicious prosecution claim only requires Plaintiff to prove that defendants *intended* to deny him a constitutional right as opposed to proving the actual deprivation of that right.  (Doc. 312 at 14.)  Additionally, Plaintiff argues that the instruction incorrectly limits the deprivation to First Amendment rights, as opposed to

any other constitutional right such as rights under the Fourth and Fourteenth Amendments.[2] (*Id.* at 15–16.)

Plaintiff did not preserve any of these objections at trial. When Defendants proposed the language Plaintiff's now challenge, the Court asked for Plaintiff's response. (Doc. 332 at 16.) Plaintiff responded, but challenged a different instruction all together. (*Id.*) Thus, the Court only reviews for plain error. *See* Fed. R. Civ. P. 51(d)(2).

The Court is not convinced that this instruction constitutes plain error. Plaintiff's federal malicious prosecution claim must proceed under 42 U.S.C. § 1983. When passed, § 1983 "created a species of federal tort liability for individuals to sue state and local officers for *deprivations* of constitutional rights." *Thompson v. Clark*, 596 U.S. 36, 42 (2022) (emphasis added). Section 1983 explicitly states:

> Every person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the *deprivation* of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

*Id.* (emphasis added). Thus, "[t]o make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) *deprived* plaintiffs of rights secured by the Constitution or federal statutes." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (emphasis added).

The Court recognizes that the Ninth Circuit Court of Appeals does not include an actual deprivation requirement when discussing § 1983 malicious prosecution claims. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." (citation modified)).

---

[2] Plaintiff did not argue deprivation of his Fourth Amendment or Fourteenth Amendment rights during trial. Rather, Plaintiff solely argued that Defendants deprived him of his First Amendment rights. Therefore, the Court will not consider this contention here because a "district court d[oes] not have an obligation to instruct the jury on a theory that was not before it." *Long v. FedEx Ground Package Sys., Inc.*, 490 F. App'x 909, 909 (9th Cir. 2012); *see also O'Kell v. Haaland*, No. 2:18-CV-00279-SAB, 2025 WL 43544, at *6 (E.D. Wash. Jan. 7, 2025) ("It is well settled that motions for new trial cannot be used to present the case under a new theory or strategy, not urged at the first trial.").

However, given the explicit language in § 1983 requiring a deprivation of a constitutional right, the Court finds that it was not plain error to include this requirement in a § 1983 malicious prosecution claim. *See United States v. Lindsay*, 931 F.3d 852, 864 (9th Cir. 2019) ("'Plain' error is error that is 'clear' or 'obvious.'" (quoting *Johnson v. United states*, 520 U.S. 461, 467 (1997))).

Moreover, nearly every other circuit court explicitly includes this requirement. *See Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) ("[T]o transform malicious prosecution into a claim cognizable under section 1983 . . . the plaintiff also must show a deprivation of a federally-protected right."); *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003) ("To sustain a § 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty."); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) ("[T]he constitutional violation is the deprivation of liberty accompanying the prosecution."); *Goodwin v. Metts*, 973 F.2d 378, 383 (4th Cir. 1992) ("Essentially, malicious prosecution in violation of section 1983 is malicious prosecution resulting in a constitutional deprivation."); *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) ("While we have recognized a § 1983 cause of action for malicious prosecution, it is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right." (citation modified)); *Noonan v. County of Oakland*, 683 F. App'x 455, 462 (6th Cir. 2017) ("To state a claim for malicious prosecution under § 1983, a plaintiff must prove, among other things, that he suffered a deprivation of liberty protected by the Fourth Amendment."); *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) ("To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty."); *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990) ("[M]alicious prosecution can form the basis for a section 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal

- 11 -

law."); *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257 (10th Cir. 2007) ("In this circuit, when addressing § 1983 malicious prosecution claims . . . the ultimate question is whether plaintiff has proven the deprivation of a constitutional right.").

Therefore, the Court finds that it was not plain error to instruct the jury that Plaintiff must also prove a deprivation of his First Amendment rights to succeed in his § 1983 malicious prosecution claim.

Accordingly, the Court denies Plaintiff's Motion for New Trial.

**B.  Motion for Entry of Judgment**

Pursuant to Rule 49(b)(3), Defendants ask the Court to enter judgment in favor of Defendants as to Count 3 because the decision to hang on this count is inconsistent with the jury's unanimous finding in SI 4.  To warrant Rule 49(b)(3) relief, Defendants must show that the SI "answers are consistent with each other but one or more is inconsistent with the general verdict."  As discussed above, the SI answers are consistent with each other.  Therefore, the question is whether SI 4 is inconsistent with the jury hanging on Count 3.

Again, Count 3 is Plaintiff's state malicious prosecution claim.  Importantly, in Arizona, "probable cause is a complete and absolute defense to a suit for malicious prosecution."  *Overson v. Lynch*, 317 P.2d 948, 950 (Ariz. 1957).  Thus, if the jury found that Defendants had probable cause to prosecute Plaintiff for resisting arrest, then it had to find in Defendants' favor as to Count 3.  But "[w]hen a prosecutor files a criminal complaint, it creates a presumption that probable cause for an accused's arrest existed at that time because prosecutors exercise their independent judgment in bringing charges."  *Ruff v. Caperton*, No. 5:24-00656 MWC (ADS), 2025 WL 3902817, at *8 (C.D. Cal. Dec. 8, 2025) (citing *Newman v. Orange County*, 457 F.3d 991, 993 (9th Cir. 2006)).  This presumption, however, is rebuttable.  *See id.*  A plaintiff may rebut this presumption by showing officers "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal

proceedings." *Awabdy*, 368 F.3d at 1067. As the Court noted in its Order granting in part and denying in part Defendants' motion for summary judgment, questions remained as to whether Officer Magee "knowingly submitted false information" to the prosecutor that Plaintiff tried to resist arrest. (Doc. 228 at 21, 23.) Thus, the Court reserved that question for the jury.

In accordance with the foregoing law and facts, the Court instructed the jury as follows:

> Once the prosecuting body files criminal charges, it is presumed that the prosecutor used his independent judgment in making the charging decisions. That presumption may be rebutted by evidence that the defendant presented the prosecution with information known by them to be false. If you find that Officer Magee did not present the prosecution with information he knew to be false, the prosecutorial presumption cannot be rebutted and you must find in Officer Magee's favor.

(Doc. 305 at 17.) SI 4 then asked: "Does Officer Magee reasonably believe that when he grabbed Plaintiff's arm, Plaintiff pulled away from him." (Doc. 299 at 3.) The jury unanimously answered this in the affirmative. (*Id.*) This finding directly supports the conclusion that Officer Magee did not supply the prosecutor with information he thought to be false. Therefore, the jury could not have hung on Count 3; it had to find in Officer's Magee's favor because there is no reason to rebut the presumption of prosecutorial independence, which establishes probable cause. Thus, there is an inconsistency between the general verdict in Count 3 and the jury's finding in SI 4.

Accordingly, pursuant to Rule 49(b)(3), the Court will enter judgment in favor of Defendants as to Count 3.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for New Trial (Doc. 312).

**IT IS FURTHER ORDERED granting** Defendant's Motion for Entry of Judgment (Doc. 311). The Clerk of Court shall vacate the Court's declaration of a mistrial as to Count 3 (Doc. 298) and enter a separate judgment in favor of Defendants City of Phoenix and Officer Magee and against Plaintiff Jamaar Williams on Plaintiff's state law

malicious prosecution claim.

**IT IS FURTHER ORDERED denying as moot** Docs. 291, 293 given this Order.

Dated this 6th day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge